IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL L. BLACKBURN,

    **Plaintiff,**

    v.                                                                                                                                                CASE NO. 24-3175-JWL

**BRADLEY WAGGONER, Police Officer,**
Neodesha Police Department,

    **Defendant.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff Michael L. Blackburn is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

**I. Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Wilson County Jail in Fredonia, Kansas ("WCJ"). Plaintiff has since been released from custody. The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff alleges that on July 10, 2024, he was detained and arrested for alleged burglary and possession of stolen property. (Doc. 1, at 2.) Plaintiff was transported to the WCJ where he was processed. Plaintiff alleges that "[a]t this time [Plaintiff] asked Officer Waggoner where [Plaintiff's] cell phone was." *Id*. Officer Waggoner stated that Plaintiff's phone was being seized and that the Neodesha Police Department was in the process of obtaining a warrant for it.

*Id*. at 2–3.  Waggoner refused to let Plaintiff retrieve any phone numbers "through the jailers taking possession of [Plaintiff's] phone." *Id*. at 3.

As Count I, Plaintiff alleges an illegal seizure of his cell phone without a warrant in violation of the Fourth Amendment.  Plaintiff alleges that Officer Waggoner "took possession of [Plaintiff's] cell phone upon entering the Wilson County Jail without being able to present a warrant for doing so." *Id*. at 4.  Plaintiff alleges that as of September 19, 2024, he still had not been presented with a warrant. *Id*. at 4–5.  Plaintiff alleges that on September 16, the WCJ jail administrator asked Plaintiff for the pin number to unlock Plaintiff's cell phone, but Plaintiff did not give him the password to Plaintiff's phone. *Id*. at 5.  Plaintiff claims that he was unable to contact anyone to retrieve Plaintiff's diabetic medications or blood pressure medicine. *Id*. at 6.

Plaintiff names as the sole defendant Bradly Waggoner, a police officer with the Neodesha Police Department.  Plaintiff seeks compensatory damages in the amount of $2,000 "for causing [him] the inability to contact anyone thus causing [him] to be unable to receive diabetic medications, or be able to make bond, and lost wages, have any source of family or friend contact, lost possessions." *Id*. at 8.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

Plaintiff states that he did not give staff the password to his cell phone and does not otherwise allege that the data on his phone was searched. He merely alleges that his phone was seized either when he was arrested or when he was booked into the WCJ, and that his inability to access his phone prevented him from accessing contact information regarding his medication and to assist him in obtaining bail. *See U.S. v. Parada*, 289 F. Supp. 2d 1291, 1303 (D. Kan. 2003) ("Because the cellphone was seized incident to the arrest of the defendants, it is properly within the scope of an inventory search . . . [t]he separate question is whether it was permissible for officers to note the numbers of incoming phone calls stored in the cell phone memory.").

Plaintiff does not argue that he had a right to possess his cell phone while he was in custody. *See Osaki v. San Bernardino Cty. Sheriff Dep't*, 2023 WL 4291851, at *8 (C.D. Cal.

2023) ("Plaintiff has failed to allege any facts surrounding Defendants' seizure of his personal property that would suggest his arrest was unlawful, or that the seizure of his property was objectively unreasonable . . . [s]econd, Plaintiff, an inmate housed at WVDC, has failed to plead facts suggesting that he has the right to possess the items he alleges Defendants improperly seized—namely, phones, tablets, and keys—while he is incarcerated.") (citing *Williams v. Price*, 2018 WL 1184919, at *9 (E.D. Cal. Mar. 7, 2018) (even if detainee had a protected right to own property, he does not necessarily have a protected right to possess that property while in prison)).

In *United States v. Bradley*, the defendant's cell phones were seized as evidence during his booking into the jail after his arrest. *United States v. Bradley*, 2021 WL 3680927, at *2 (W.D. Mo. 2021), *adopted* 2021 WL 2912099 (W.D. Mo. 2021). The court held that the seizure was reasonable and defendant did "not contest that there was probable cause to believe the two cellular phones contained evidence of a crime, as set forth in the warrant affidavit." *Id*. Although the court found that the initial seizure was reasonable, the court addressed whether it became unreasonable when the phones were retained for 12 days after defendant's release from custody without a search warrant being sought. *Id*. at *2–3 ("A seizure reasonable at its inception because it is based on probable cause may become unreasonable as a result of its duration."). "The duration of the seizure pending the issuance of a search warrant must still be reasonable, and reasonableness is measured in objective terms by examining the totality of the circumstances." *Id*. at *3 (citing *United States v. Mays*, 993 F.3d 607, 614 (8th Cir. 2021)).

Plaintiff has failed to provide any factual support as to whether his phone was seized incident to an arrest, when it was seized and by whom, and whether or not a search warrant was ultimately obtained or whether his phone was returned to him when he was released from custody. It is unclear whether the police obtained possession of his phone or whether his phone

was placed with his other possessions upon booking and held with his property at the WCJ.

Plaintiff also alleges that he was unable to use his phone to access his contacts to retrieve Plaintiff's diabetic and blood pressure medicine. Plaintiff seeks compensatory damages in the amount of $2,000 "for causing [him] the inability to contact anyone thus causing [him] to be unable to receive diabetic medications, or be able to make bond, and lost wages, have any source of family or friend contact, lost possessions." Plaintiff does not provide any facts regarding whether he reached out to medical staff regarding his medication, whether or not he was ultimately able to obtain proper medication, what possessions were allegedly lost, or whether or not he requested use of the jail's phone.

Although Plaintiff does not indicate what possessions were lost, deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees.").

Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property). Plaintiff has failed to allege that an adequate post-deprivation remedy was unavailable. Because an adequate, state post-deprivation remedy exists, Plaintiff must show cause why any property claim should not be dismissed for failure to state a claim.

Plaintiff is given an opportunity to submit an amended complaint to add factual

allegations in support of his claims.

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **January 13, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **January 13, 2025**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (24-3175-JWL) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated December 11, 2024, in Kansas City, Kansas.**

         **S/ John W. Lungstrum**
         **JOHN W. LUNGSTRUM**
         **UNITED STATES DISTRICT JUDGE**